# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50159 | **DATE** | 10/25/2011 |
| **CASE TITLE** | U.S. ex rel. Erick D. Conway (B-69610) vs. David Rednour | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the petition for writ of habeas corpus as to all claims, dismisses this cause in its entirety, and denies a certificate of appealability.

*[signature: Philip G. Reinhard]*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT - OPINION

Petitioner, Erick Conway, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery (720 ILCS 5/18-2(a) (West 1998)) and life sentence based on his being adjudged an habitual criminal (720 ILCS 5/33B-1 (West 1998)). Petitioner raises the following claims: (1) he was denied his state and federal constitutional rights to a speedy trial; (2) he was denied his state statutory right to a speedy trial; (3) the speedy trial period was not tolled because when he requested discharge of his trial attorney he was in effect also expressing his desire to immediately proceed to trial; (4) he was denied due process and his right to represent himself at trial when the trial court refused to discharge his trial attorney; and (5) his appellate counsel on direct appeal was ineffective for failing to argue (a) that the superseding indictment was barred because the speedy trial period had expired prior to it being filed and (b) that he was denied his speedy trial right under state law. Respondent contends that all claims but claim 5(b) are either not cognizable or are procedurally defaulted. As for the ineffective assistance of counsel claim 5(b), respondent maintains that it is without merit because the state court's denial of that claim was not an unreasonable application of clearly established Supreme Court precedent.

Non-Cognizable Claims

Errors of state law are not cognizable in a petition for habeas corpus unless they result in a violation of a federal right. Burt v. Uchtman, 422 F. 3d 557, 567 (7th Cir. 2005). This includes a claim based on a state speedy trial right. United States ex rel. Class v. Johnson, 2010 WL 3273538, * 9 (N.D. Ill. Aug. 18, 2010) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)). Here, the claims based directly on state speedy trial rights (Claims 1, 2, and 3)[1] are barred as they are premised purely on state law and are thus not cognizable in this habeas corpus proceeding.

Procedurally Defaulted Claims

Before a federal court can consider any claim in a petition for habeas corpus, a petitioner must satisfy several procedural requirements. Smith v. McKee, 598 F. 3d 374, 382 (7th Cir. 2010). If the claim comes from the Illinois state courts, it must have been presented to the Illinois Appellate Court and to the Illinois Supreme Court via a petition for discretionary review. Smith, 598 F. 3d at 382. A petitioner must have fairly presented both the operative facts and applicable legal principles that control each claim to the state judiciary. Smith, 598 F. 3d at 382. A petitioner failing to fairly present each habeas claim to the state's appellate and supreme courts in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits. Smith, 598 F. 3d at 382.

| **STATEMENT - OPINION** |
|---|

In this case, petitioner never fully and fairly presented a claim for a violation of his Sixth Amendment right to a speedy trial to the Illinois courts. He did not do so in his direct appeal, nor did he raise it in his post conviction proceedings and appeals. The only times he mentioned the Federal Constitutional speedy trial right is in a terse reference in his post-conviction appellate brief and also in his petition for leave to appeal before the Illinois Supreme Court in his post-conviction proceeding. He did not in any way develop the claim through the use of argument or legal authority beyond a barebones reference to the Sixth Amendment itself. Further, the reference is made in the context of his claim that his state statutory speedy trial right was violated. Such a passing and undeveloped reference to a federal right does not constitute a full and fair presentment of the claim for purposes of habeas corpus review. Accordingly, the claim is procedurally defaulted in this proceeding.

Similarly, petitioner never raised the claim that he was denied due process or his right to self representation in either his direct appeal or his post-conviction review. Nor did he raise the claim that his appellate counsel was ineffective for not raising the claim that the violation of the state speedy trial statute rendered the superseding indictment untimely. While he did refer to it in his petition for leave to appeal, he did not raise it in either his amended post-conviction petition or the appeal therefrom. Therefore, both of these claims are procedurally defaulted.

Merits of Remaining Claim

A court reviewing the merits of a habeas corpus claim may grant relief only if the state court's decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. Winston v. Boatwright, 649 F. 3d 618, 624 (7th Cir. 2011). Thus, the court must consider whether it is possible fairminded jurists could disagree that the state court's reasoning is inconsistent with prior decisions of the Supreme Court. Winston, 649 F. 3d at 624-25. The court may only issue the writ when the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. Winston, 649 F. 3d at 625.

In the present case, petitioner claims that his appellate counsel was ineffective for having failed to raise a violation of the state speedy trial statute on direct appeal. The Illinois Appellate Court rejected the claim on its merits.[2] It did so in a thorough and well-reasoned decision. See People v. Conway, No. 2-09-0193, Dec. 30, 2010) (Unpublished order under Ill. S. Ct. R. 23). It concluded that there was no underlying violation of the speedy trial statute because petitioner never clearly and unequivocally requested both to have his attorney discharged and to proceed to immediate trial as required by Illinois law. Thus, according to the Illinois Appellate Court, because there was no violation of the speedy trial statute, appellate counsel was not ineffective for not having raised the issue on direct appeal. Such a conclusion was unquestionably reasonable as it relates to the ineffective assistance of appellate counsel claim in light of established Supreme Court precedent that it is not ineffective for appellate counsel not to raise a nonviable claim. Therefore, petitioner has not presented a meritorious claim in that regard to this court.

For the foregoing reasons, the court denies the petition for habeas corpus as to all claims and dismisses this cause in its entirety. Additionally, because there has been no substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. See 28 U.S.C. § 2253c(2); Fed. R. App. P. 22(b).

---

1. The remaining portion of claim 1 that refers to a speedy trial right under the Federal Constitution is cognizable and will be disposed of on the merits in the next section of this order.

2. The Illinois Appellate Court order is operative as the Illinois Supreme Court, in denying the petition for leave to appeal, never reached the merits of the claim.